GLOVER v CITY OF KALAMAZOO

Docket No. 44222. Submitted March 6, 1980, at Grand Rapids.—
   Decided July 1, 1980. Leave to appeal applied for.

   George Glover, hereinafter plaintiff, was employed as a police
   officer by the City of Kalamazoo, hereinafter defendant. As a
   result of criminal charges for perjury being brought against
   plaintiff, plaintiff was suspended indefinitely from the police
   force. Upon review of the matter, the Chief of Police termi-
   nated plaintiff's employment. Subsequently, plaintiff requested,
   within the required 30-day period, a hearing pursuant to the
   veterans preference act. Following the hearing officer's determi-
   nation that plaintiff was guilty of official misconduct, the
   Mayor of Kalamazoo affirmed plaintiff's removal from the
   police department. Plaintiff appealed to the Kalamazoo Circuit
   Court, wherein Robert L. Borsos, J., held that plaintiff was
   wrongfully deprived of his right to a hearing on the indefinite
   suspension, that the suspension without a hearing was a viola-
   tion of due process and that the burden of going forward with
   evidence was wrongfully placed upon the plaintiff in the veter-
   ans preference hearing and ordered plaintiff reinstated with
   back pay. The defendant appeals, alleging that the trial court
   erred in finding noncompliance with the veterans preference
   act because the plaintiff waived his right to a hearing by not
   filing a written protest within 30 days of his suspension. *Held:*

   1. The time limitation for protesting suspension set forth in
   the veterans preference act is tolled by pending criminal pro-
   ceedings against the person suspended at the time he was
   suspended.

   2. The city was not required to hold a hearing on the
   suspension. The officer had not demanded it and could have at
   any time during pending criminal charges.

   3. The order of proofs, as a general rule, is within the

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 170.
[1, 2, 4] 77 Am Jur 2d, Veterans and Veteran's Laws § 123.
[2] 70 Am Jur 2d, Sheriffs, Police, and Constables § 15.
[3, 4] 75 Am Jur 2d, Trial § 146.

discretion of the trial court, and there will be no interference by an appellate court unless there is an abuse of discretion.

4. There is no abuse of discretion in a veterans preference hearing where a suspended police officer proceeded first, although it is better procedure for the city employing the officer to present its ground for suspension and termination first.

5. The trial court erred when it reversed the mayor's decision and ordered plaintiff reinstated with back pay.

Reversed

ALLEN, P.J., did not participate.

1. LIMITATION OF ACTIONS — STATUTES — VETERANS PREFERENCE ACT — SUSPENSION — TOLLING.

The time limitation for protesting suspension set forth in the veterans preference act is tolled by criminal proceedings pending against the person suspended at the time he was suspended (MCL 35.402; MSA 4.1222).

2. MUNICIPAL CORPORATIONS — POLICE OFFICER — SUSPENSION — HEARINGS.

A city need not hold a hearing under the veterans preference act on the suspension of a police officer where the suspended officer could have demanded a preference hearing at any time during pending criminal charges.

3. COURTS — ORDER OF PROOFS — DISCRETION — APPEAL.

The order of proofs, as a general rule, is within the discretion of the trial court and there will be no interference by an appellate court unless there is an abuse of discretion.

4. MUNICIPAL CORPORATIONS — VETERANS PREFERENCE HEARING — ORDER OF PROOFS — ABUSE OF DISCRETION.

There is no abuse of discretion in a veterans preference hearing where a suspended police officer proceeded first, although it is better procedure for the city employing the officer to present its ground for suspension and termination first.

*Plaszczak & Bauhof, P.C.* (by *James F. Bauhof*), for plaintiff.

*Don M. Schmidt,* City Attorney, and *William S. Baird,* Assistant City Attorney, for defendant.

Before: ALLEN, P.J., and M. F. CAVANAGH and C. W. SIMON,* JJ.

C. W. SIMON, J. Defendant appeals as of right from a February 23, 1979, order reversing the suspension and discharge of plaintiff, a Kalamazoo police officer, and reinstating him with back pay.

This proceeding arose out of an altercation between plaintiff and a citizen, Larry Jack, on October 23, 1975. During a traffic stop, an argument led to blows. Plaintiff arrested Jack and charged him with obstructing a police officer. Plaintiff testified at the preliminary examination of Jack. The case against Jack was later dismissed. As a result of plaintiff's testimony at the preliminary examination, perjury charges were brought against plaintiff. Due to the pending criminal charges, plaintiff was suspended indefinitely.

The charges against plaintiff were dismissed at trial because the court found that the prosecution did not use due diligence to produce two res gestae witnesses.

The Chief of Police then reviewed the matter and terminated plaintiff on October 21, 1977, due to his false testimony.

Plaintiff requested a hearing pursuant to the veterans preference act, MCL 35.402; MSA 4.1222, within the required 30 days.

On December 15, 1977, and February 21, 22, 1978, a veterans preference hearing was held. The hearing officer found plaintiff guilty of official misconduct.

On May 11, 1978, pursuant to statute, the Mayor of Kalamazoo rendered his decision holding plaintiff guilty of official misconduct and affirming his removal from the police department.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff appealed this decision to the Kalamazoo County Circuit Court which reversed the mayor's decision and reinstated plaintiff with back pay from the date of his suspension until the date of the mayor's decision. The circuit court held that plaintiff was wrongfully deprived of his right to a hearing on the indefinite suspension; that the suspension without a hearing was a violation of due process; and that the burden of going forward with evidence was wrongfully placed upon the plaintiff in the veterans preference hearing.

On appeal, defendant argues that the trial court erred in finding noncompliance with the veterans preference act because plaintiff waived his right to a hearing by not filing a written protest within 30 days of his suspension.

In pertinent part, MCL 35.402; MSA 4.1222, provides:

"* * * such veteran shall not be removed, transferred or suspended for any cause above enumerated from any office or employment, except after a full hearing * * *."

However, the statute requires the veteran to file a written protest of noncompliance with the act or waive the privileges and benefits therein:

"Provided, however, that where such veteran has been removed, transferred, or suspended other than in accordance with the provisions of this act, he shall file a written protest with the officer whose duty under the provisions of this act it is to make the removal, transfer, or suspension, within 30 days from the day such veteran is removed, transferred, or suspended; otherwise the veteran shall be deemed to have waived the benefits and privileges of this act * * *."

Since plaintiff did not file a written protest within 30 days of his suspension, it would seem

that he waived his right to a hearing thereon. However, we find that the time limitation was tolled while the criminal charges were pending against plaintiff. *Michigan State Employees Ass'n v Civil Service Comm,* 406 Mich 313, 319; 279 NW2d 530 (1979). In *Michigan State Employees Ass'n,* the Michigan Supreme Court held that the time limitations for protesting discharge set forth in the Civil Service Grievance and Appeal Procedure were tolled from the time investigation is begun with an eye toward potential criminal prosecution until the prosecution terminates. Similarly, we hold that the time limitation for protesting suspension set forth in the veterans preference act was tolled by the criminal proceeding pending against plaintiff at the time he was suspended.

Thus, plaintiff's protest was timely filed both as to the suspension and discharge following dismissal of the criminal charges against him. Subsequently, a hearing was held and a decision adverse to plaintiff was rendered by the mayor.

We hold that the trial court erred when it found a violation of the hearing requirement of the veterans preference act. Plaintiff could have, but need not have, demanded a preference hearing at any time during the criminal prosecution. In the absence of such a demand, defendant had no affirmative duty to hold a hearing on the suspension.

We also hold that plaintiff was not deprived of procedural due process as a result of his suspension. It is clear that defendant had an opportunity to be heard on the suspension. Plaintiff could have demanded an earlier hearing if he so desired. On these facts, the hearing plaintiff received satisfied procedural due process.

Defendant also argues that the trial court erred when it held that the burden of going forward

with evidence was wrongfully placed on plaintiff in the veteran's preference hearing. We agree.

This issue arises because the hearing officer requested that plaintiff, as petitioner, proceed first. This is a question of order of proofs, since the burden of proof was properly placed upon defendant. As a general rule, the order of proofs is within the discretion of a trial court. See GCR 1963, 507.2. Thus, there will be no interference by an appellate court unless there is an abuse of discretion. *In re Mann's Estate,* 219 Mich 695; 189 NW 991 (1922). While we believe that the better procedure in a veteran's preference hearing is to require the city to present its ground for suspension and termination first, we find that there was no abuse of discretion on these facts.

In conclusion, we hold that the trial court erred when it reversed the mayor's decision and ordered plaintiff reinstated with back pay.

Reversed. No costs, a public question.

ALLEN, P.J., not participating.